NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AUBURN RUBBER COMPANY, Inc.,
Respondent.

No. 9177.

United States Court of Appeals
Tenth Circuit.

Sept. 8, 1967.

**2**

Nancy M. Sherman, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and J. Richard Thesing, Attorney, N. L. R. B., on the brief), for petitioner.

B. Thomas May, of Key & May, Albuquerque, N. M., for respondent.

Before WILBUR K. MILLER[*], BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The National Labor Relations Board petitions for the enforcement of an order issued against respondent Auburn Rubber Company.[1] The prime issue is whether an arbitration award bars Board action.

Auburn makes rubber and plastic products at Deming, New Mexico. It was financed by a $15,000,000 bond issue of the village of Deming. Three million dollars of these bonds were issued to a joint employer-union pension fund in which all participating employers have contracts with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America. After the plant opened, the United Rubber, Cork, Linoleum and Plastic Workers of America and the Teamsters both sought to organize the employees. The Teamsters were certified by the Board and made a contract with the Company for a term expiring December 31, 1962. The contract proved unsatisfactory and on May 14, 1962, the Company and the Teamsters entered into a new contract which ran until May 14, 1964.

In the fall of 1962, the Rubber Workers filed a representation petition. Subsequently, the Board held that the rewritten agreement with the Teamsters did not bar an election because it was a premature extension of an earlier agreement, and ordered an election. About this time some of the employees formed the Deming Employees Association. The Board denied the Association a place on the ballot. The results of the February 27 election were inconclusive.[2] On March 7, the Teamsters presented to the Board charges of unfair labor practices by the Company. A similar complaint filed by the Rubber Workers was later withdrawn.

In April, the Teamsters brought suit in the United States District Court for the District of New Mexico to require the Company to perform the 1962 contract which the Board had held was no bar to the election. The original complaint in the instant proceedings was filed on August 6, 1963, by the General Counsel. A few days later, the federal court in New Mexico ordered the Company to perform the contract. The Company and the Teamsters then agreed to arbitrate certain issues including a number of discharges. The arbitrator held prolonged hearings and in March, 1964, made an award which was approved by the court. Thereafter an amended complaint was filed by the General Counsel before the Board. A hearing was held in April, 1965. The examiner found that the Company had violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by interrogating employees concerning their membership in, and sympathies for, the Rubber Workers or the Teamsters and by making

---

[*] Of the District of Columbia Circuit, sitting by designation.

[1] The Board's decision and order are reported at 156 N.L.R.B. 301.

[2] The results were: Rubber Workers, 93; Teamsters 67; neither union, 46.

promises and threats. He also found that the Company had violated § 8(a)(2), 29 U.S.C. § 158(a)(2), by participation in the organization and operation of Deming Employees Association. In addition he found that the Company had violated § 8(a)(3), 29 U.S.C. § 158(a)(3), by the discriminatory discharge of six employees because of membership in the Rubber Workers. He held that the six discriminated against should be reinstated with back pay. The Board affirmed with one member dissenting on the ground that binding effect should be given the arbitrator's determination "that the alleged discriminatees were discharged for cause."

No good purpose would be served in reviewing the evidence with more detail. We believe that it is sufficient to sustain the findings and decision of the Board. The question is whether the arbitration award bars Board action.

■ The United States Supreme Court has recognized the value of arbitration in the maintenance of industrial peace.[3] In Carey v. Westinghouse Electric Corp., 375 U.S. 261, 270–271, 84 S.Ct. 401, 408, 11 L.Ed.2d 320, the Court said: "the Board shows deference to the arbitral award, provided the procedure was a fair one and the results were not repugnant to the Act." The Board, in Spielberg Manufacturing, 112 N.L.R.B. 1080, 1082, announced the policy of honoring arbitration awards when "fair and regular, all parties had agreed to be bound, and the decision of the arbitration panel is not clearly repugnant to the purposes and policies of the Act." In our opinion the Board has the discretion to defer to, or to reject, the decision of the arbitrator[4] and, in determining whether that discretion has been properly exercised, the tests announced by Spielberg are pertinent.

■ With regard to the § 8(a)(1) interference charges the position of the examiner, upheld by the Board, was that the written agreement to arbitrate did not cover such charges. Although they were not specifically mentioned in that agreement, they were among the issues presented to the arbitrator by the Teamsters and the Company. Full opportunity was afforded for the presentation of all pertinent evidence. The arbitrator decided in favor of the Company. The attorney for the Teamsters joined with the attorney for the Company in submitting the arbitrator's award to the court with the request that it be adopted by the court. In our opinion all the Spielberg tests have been met. The award was fair and the result is not repugnant to the Act. The unfair labor charge was filed with the Board by the Teamsters. The incongruous result of the Teamsters' acquiescence in the arbitration award and of Board action to the contrary on the behest of the Teamsters should be avoided. The situation is not changed by the finding of discriminatory discharges because they were for activities related to the Rubber Workers—not to the complaining Teamsters. We believe that the Board abused its discretion and acted contrary to its established policies in upholding the § 8(a)(1) charges.

■ The situation is different so far as the § 8(a)(2) violation pertaining to the Deming Employees Association is concerned. At the hearing before the arbitrator, the attorney for the Teamsters stated that this matter was not submitted for arbitration. The Company accepted this position. The matter was properly presented to and decided by the Board. Its findings of Company participation in the organization and operation of the Association are sustained by

---

3. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steelworkers of America v.

Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

4. See Ramsey v. National Labor Relations Board, 7 Cir., 327 F.2d 784, 787, certiorari denied 377 U.S. 1003, 84 S.Ct. 1938, 12 L.Ed.2d 1052.

substantial evidence on the record as a whole.

 The real controversy centers in the § 8(a) (3) charges. The Board found that six employees had been discharged discriminatorily because of their activities on behalf of the Rubber Workers and ordered reinstatement with back pay. In the arbitration proceedings the Teamsters presented a number of claims of improper discharges. Included therein were the six in question. These employees were members of the Teamsters because the contract between the Teamsters and the Company contained a union membership clause with a check-off provision. The Teamsters notified the six of the arbitration hearings. They were given an opportunity to appear with their own counsel but declined to do so. The Rubber Workers also chose not to appear in the arbitration because they were not parties to the underlying agreement. Thus, we have a situation in which the six discriminatees were represented at the arbitration by a union to which they were antagonistic. They preferred to have their rights determined by the Board. The arbitrator, relying on the evidence presented by the Company, held that the discharges were not discriminatory.

At the hearing before the examiner the six testified as to the circumstances surrounding their discharges. The Company relied on the transcript of the evidence taken by the arbitrator. In regard thereto the examiner stated that he could not determine the credibility of witnesses from the transcript. In his decision the examiner found that all six discriminatees were credible witnesses. Their testimony sustains the examiner's findings that they were discharged because of activities for the Rubber Workers.

In our opinion it would be unfair and repugnant to the Act to bind the six discriminatees to the arbitrator's award. They relied on the previously filed unfair labor practice charges, and their representation at the arbitration hearings was by a union other than the competing union in whose behalf they incurred the displeasure of the Company.

Enforcement is denied on the § 8(a) (1) charge and is granted on the § 8(a) (2) and § 8(a) (3) charges.